IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY C. MAZZONE,

        Petitioner,

   v.                                          CIVIL ACTION NO. 2:07cv35
                                                     (Judge Stamp)

JOSE ESPARZA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 22, 2007, the *pro se* petitioner[1] filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2255, seeking an order resentencing him to a term of 8 months imprisonment and 2 months halfway house, to allow him to go to a halfway house under FCI Morgantown's administrative rules. The petition was filed in the United States District Court for the District of New Jersey. On April 18, 2007, the court in New Jersey entered an order which indicated that the petition should be brought in whatever district the petitioner resides pursuant to 28 U.S.C. § 2241. Therefore, the matter was transferred to this court because the petitioner was then incarcerated at FCI Morgantown. By Order entered on May 16, 2007, this Court directed the respondent to answer the petition within seven (7) days. On May 23, 2007, the respondent filed a Response to the Show Cause Order and a Motion to Dismiss. On June 1, 2007, the respondent filed a Motion to Dismiss as Moot. On June 4, 2007, the petitioner filed a Motion for an Extension of Time to reply to the Motions to Dismiss and sought sixty (60) days within which to respond. On June 4, 2007, the

---

[1] The original petition was filed by David E. Shaffer, the Assistant Public Defender in Trenton, New Jersey. Since the case's transfer to this court, the petitioner has been acting *pro se*.

1

undersigned entered an Order granting the petitioner's motion for an extension of time but limiting his response time to thirty (30) days. On June 13, 2007, the petitioner filed his response.

## II. FACTS

On February 27, 2006, the United States District Court for the District of New Jersey sentenced petitioner to a nine (9) month sentence, with no term of supervision to follow, pursuant to a supervised release violation. (Dckt. 13, p.7.) Petitioner's projected full term release date was May 31, 2007. (Id. at p. 9).

Petitioner was designated to FCI Morgantown on December 12, 2006. (Id.). He was initially informed that because his sentence was so short, he would not be eligible for Community Corrections Center ("CCC") placement because the last 10% of his sentence amounted to only 27 days and CCC placement required a minimum of 30 days. (Id. at p. 2).

While managing petitioner's case file, his Case Manager, discovered that the petitioner might have some unresolved charged pending in Atlantic County, New Jersey. Therefore, the case manager drafted a memorandum regarding this information and placed it in the petitioner's central file. (Id. at p. 5). In researching this case and assisting with the response to the Show Cause Order entered by the undersigned, agency counsel became aware of this memorandum and made inquiry to determine whether any unresolved or pending charges existed in New Jersey. (Id. at p. 3). Further investigation revealed that the petitioner, indeed, had unresolved pending charges, and the Atlantic County prosecutors wished to lodge a detainer. (Id, at pp. 8-9). On May 31, 2007, the petitioner was released from the custody of the Bureau of Prisons, having satisfied his federal sentence, and was turned over to state officials pursuant to a detainer requested by Atlantic County, New Jersey officials. (Dckt. 14-3, p. 2.).

## III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's determination that he is not eligible for placement in a halfway house because his term of imprisonment is too short. Presumably, the relief sought was placement in a halfway house prior to his release on May 31, 2007. However during the less than six weeks that this matter was pending before this Court, the petitioner's federal sentence expired, and he is no longer in the custody of the BOP. Accordingly, this case is now moot.[2]

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of

---

[2]In his reply to the Motion to Dismiss, the petitioner requests that this Court rule that a placement in a halfway house should have been done. However, even if the petitioner were still in the custody of the BOP, he would not be entitled to the relief requested in his reply. At best, the Court could only direct the BOP to consider him for placement in a CCC.

3

the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and to counsel of record.

DATED: June 14, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE