## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ANTHONY C. MAZZONE,**

      **Petitioner,**

    **v.**                                  **Civil Action No. 2:07 CV 35**
                                                    **(Maxwell)**


**JOSE ESPARZA,**

      **Respondent.**

## ORDER


It will be recalled that on February 22, 2007, *pro se* Petitioner Anthony C.

Mazzone instituted the above-styled civil action by filing an Application for

Habeas Corpus pursuant to 28 U.S.C. § 2255, wherein he challenged the fact

that FCI Morgantown had deemed him ineligible for placement in a halfway

house because his term of imprisonment was less than nine months and nine

days.  The Petitioner's Application was originally filed in the United States District

Court for the District of New Jersey.  Construing the Petitioner's Application as

more appropriately brought pursuant to 28 U.S.C. § 2241, the New Jersey

District Court  transferred it to the United States District Court for the Northern

District of West Virginia by Order entered April 18, 2007.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On May 16, 2007, Magistrate Judge Seibert entered an Order To Show Cause wherein he directed the Respondent to answer the Petitioner's Application within seven days from the date of said Order.

The Respondent's Motion To Dismiss and Response To Show Cause Order And Memorandum Of Law In Support Of Motion To Dismiss were filed on May 23, 2007. Thereafter, on June 1, 2007, the Respondent filed a Motion To Dismiss As Moot and Memorandum Of Law In Support thereof. In said Motion To Dismiss As Moot, the Respondent advised the Court that the Petitioner had been released from the custody of the United States Bureau of Prisons, pursuant to a detainer requested by Atlantic County, New Jersey, officials on May 31, 2007. The Petitioner filed a Response To Motion To Dismiss on June 13, 2007. In his Response, the Petitioner asked the Court to rule that he should have been placed in a halfway house prior to May 23, 2007.

On June 14, 2007, United States Magistrate Judge James E. Seibert issued a Report And Recommendation wherein he recommended that the

Petitioner's § 2241 Petition be dismissed as moot in light of the fact that the

Petitioner was no longer in the custody of the Bureau of Prisons.  With regard to

the Petitioner's request that the Court find that he should have been placed in a

halfway house prior to May 23, 2007, Magistrate Judge Seibert noted that, even

were the Petitioner still in the custody of the Bureau of Prisons, he would not

have been entitled to the requested ruling, since, at best, the Court could only

have directed the Bureau of Prisons to consider the Petitioner for placement in a

Community Corrections Center.  Thereafter, on November 15, 2007, Magistrate

Judge Seibert issued an Order Correcting Report And Recommendation Issued

June 14, 2007.  In this Order, Magistrate Judge Seibert noted that his June 14,

2007, Report And Recommendation had neglect to recommend a specific ruling

on the Respondent's Motion To Dismiss.  In this regard, Magistrate Judge

Seibert indicated that it was his recommendation that the Petitioner's § 2241

Petition be dismissed as moot; that the Respondent's Motion To Dismiss be

denied as moot; and that the Respondent's Motion To Dismiss As Moot be

granted.

In his June 14, 2007, Report And Recommendation, Magistrate Judge

Seibert provided the parties with ten (10) days from the date of said Report And

Recommendation in which to file objections thereto and advised the parties that

a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to either Magistrate Judge Seibert's June 14, 2007, Report And Recommendation or the recommendations set forth in his November 15, 2007, Order Correcting Report And Recommendation Issued June 14, 2007, have been filed by either party and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Seibert's June 14, 2007, Report and Recommendation and the recommendations set forth in his November 15, 2007, Order Correcting Report And Recommendation Issued June 14, 2007, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on June 14, 2007, be, and the same is hereby, **ACCEPTED** in whole.  It is further

**ORDERED** that the recommendations set forth in United States Magistrate

---

[1]The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented.  *See*  Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

Judge James E. Seibert's November 15, 2007, Order Correcting Report And

Recommendation Issued June 14, 2007, be, and the same are hereby,

**ACCEPTED** in whole.  Accordingly, it is

      **ORDERED** that the Petitioner's § 2241 Petition (Docket No. 1) be, and the

same is hereby, **DISMISSED** as moot in light of the fact that the Petitioner is no

longer in the custody of the United States Bureau of Prisons**.**   It is further

      **ORDERED** that the Respondent's Motion To Dismiss (Docket No. 13) be,

and the same is hereby, **DENIED** as moot.  It is further

      **ORDERED** that the Respondent's Motion To Dismiss As Moot (Docket No.

14) be, and the same is hereby, **GRANTED**.  It is further

      **ORDERED** that the Clerk of Court shall enter judgment for the Respondent.  It is

further

      **ORDERED** that, should the Petitioner desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within thirty (30)

days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the

Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and

the $450.00 docketing fee should also be submitted with the notice of appeal.  In the

alternative, at the time the notice of appeal is submitted, the Petitioner may, in

accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of

Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se*

Petitioner and to counsel of record herein.

**ENTER:** March   _6_ , 2008

**/S/ Robert E. Maxwell**

United States District Judge
